UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HECTOR M. SAGASTUMES,  No. 08-10188

                        Debtor(s).
_____/

TENTATIVE DECISION and ORDER THEREON
_____

       Attorney Steven A. Alpert practices in Southern California. For reasons not apparent to the court, he filed a Chapter 7 petition in this court for debtor Hector Sagastumes for a fee of $4,500.00. Even though this is a very large fee in this area for filing a Chapter 7 case, Alpert does not appear to have acted competently. The Chapter 7 trustee was horrified to discover, well into the case, that the debtor was continuing to operate a business. Any competent Chapter 7 attorney would have immediately notified the trustee of such an important fact.

       Moreover, Alpert has not properly represented his client. The trustee was forced to bring an adversary proceeding against the debtor and two emergency hearings were held. At the first hearing, the debtor was represented by a surrogate attorney with no knowledge of the case. At the second hearing, the debtor had no representation at all. Observing these things, the court requested that the trustee bring Alpert's fees before the court for review pursuant to § 329 of the Bankruptcy Code.

       The court issued an order to show cause on March 31, 2008, commanding Alpert to appear on April 25, 2008. The order provided that Alpert could apply for a change of date if that date was inconvenient.

1

Instead, Alpert has filed a request that he be allowed to appear by telephone or that the court rule without his presence, citing as a reason that he and his wife are expecting a child soon.

An attorney should not take a case in a court he is not prepared to appear before. While the court is perfectly willing to delay Alpert's appearance to accommodate his personal situation, Alpert must be prepared to eventually appear before the court in person to explain his conduct. Telephonic appearance is intended to make legal representation more affordable to clients; it is a courtesy not extended to those who are ordered to appear and explain apparent misconduct.

All the court knows right now is that Alpert has taken a fee much larger than the usual Chapter 7 fee for a debtor's attorney and that through his inaction he appears to have created a very difficult situation for the Chapter 7 trustee.[1] He has a right to explain his conduct to the court, and it is proper for the court to demand he do so in person.

IT IS THEREFORE ORDERED that within the next 45 days Alpert either appear in person on a law and motion calendar or turn over the sum of $2,000.00 to the trustee to compensate the estate for unnecessary expenses incurred because the trustee was not immediately notified of an operating business and $1,000.00 to the debtor as a sanction for allowing the debtor to be unrepresented at a hearing in this court. If Alpert chooses the former, he shall immediately inform the court, the trustee and his counsel, and the U.S. Trustee of the date of his appearance.

Dated: April 21, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] The duties of a competent Chapter 7 debtor's counsel are far more than filling out the forms and attending the meeting of creditors. In return for diminishing the estate by taking a fee, counsel is expected to immediately notify the Chapter 7 trustee of anything the trustee should know in order to maximize the bankruptcy estate. Examples are perishable assets, security concerns, and an operating business. Any attorney who takes a $4,500.00 fee should know this.

2